IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIRIAM BRIGGS-MUHAMMAD,

                      Plaintiff,                      OPINION AND ORDER

   v.

                                                      13-cv-639-wmc

BELVERLY LEWIS, CDA
HOUSING AUTHORITY,
JOHN and JANE DOES 1-5,

                      Defendants.

---

      Plaintiff Miriam Briggs-Muhammad has filed a proposed civil action, alleging that one of the defendants threatened to terminate her federally-funded housing voucher in violation of her civil rights. Plaintiff has been granted leave to proceed without prepayment of the full filing fee pursuant to the federal *in forma pauperis* statute found at 28 U.S.C. § 1915(a), but the court is also required by this statute to screen the complaint and dismiss any portion that is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, plaintiff's request for leave to proceed must be denied and the complaint must be dismissed for reasons set forth below.

ALLEGATIONS OF FACT

For purposes of this screening order, the court assumes the following material facts based on the allegations in plaintiff's complaint.[1]

Plaintiff Miriam Briggs-Muhammad is a resident of Madison, Wisconsin. The primary defendant, Belverly Lewis, works for the City of Madison Community Development Authority, which oversees public housing programs for lower-income residents. One of those programs includes the "Section 8 Voucher" program that provides assistance for lower-income tenants living in privately-owned rental units.

The complaint in this case stems from a conversation between Lewis and plaintiff. Plaintiff does not say when the conversation took place or provide any context for the exchange that occurred. At some point, however, Lewis reportedly said that she would "do [her] best" to take away plaintiff's Section 8 housing voucher because plaintiff had filed a complaint against her in "both state and federal court." Lewis then commented that "it is 'Niggers' like you that does not [*sic*] deserve to have a Section 8 Voucher."

Plaintiff maintains that Lewis has "arbitrarily discriminated" against her due to her race, religion and an undisclosed learning disability that makes it "hard to comprehend the English language." Plaintiff contends further that Lewis's comments violated her rights under the First, Sixth, Eighth and Fourteenth Amendment to the United States Constitution. She requests $10,000 in compensatory damages, $25,000 in

---

[1] The court has supplemented plaintiff's vague allegations with information from the City of Madison Community Development Authority Housing Operations Unit website at: http://www.cityofmadison.com/formshousing/ (last visited October 31, 2013). Unless otherwise indicated, all other facts are taken from the plaintiff's complaint.

consequential damages, and $50,000 in punitive damages from Lewis pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, she must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim or to provide a defendant with notice as required by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Though it is not entirely clear from the complaint, it appears that plaintiff currently receives public assistance in the form of a Section 8 housing voucher. Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*, which authorizes a rent assistance program that is run and regulated by the United States Department of Housing and Urban Development. *Chesir v. Hous. Auth. City of Milwaukee*, 801 F. Supp. 244, 246 (E.D. Wis. 1992). The Department contracts with state and local public

housing authorities to make money available for the payment of rent on behalf of a specified number of low income individuals. *Id.*; 24 C.F.R. § 982.1(a). To participate in the program, one must apply to the public housing authority for admission. *Chesir*, 801 F. Supp. at 246. Those admitted receive "vouchers." *Id.* A voucher permits the holder to search for a suitable unit within the state and the rental payment is negotiated under the rent assistance program. *Id.*; 24 C.F.R. § 982.1(a). A voucher allows location flexibility because it can be transferred to other states around the country. *Chesir*, 801 F. Supp. at 246; 24 C.F.R. Part 982, Subpart H.

Construed generously, plaintiff claims that Lewis made derogatory comments about her and threatened to revoke plaintiff's Section 8 housing voucher in retaliation for complaints that plaintiff filed against her in both state and federal court. Plaintiff does not provide any details, however, about the status of her Section 8 housing voucher. Indeed, she neither alleges that her Section 8 housing voucher was actually terminated nor that any particular defendant was responsible for that termination.[2]

Although the alleged remarks are themselves highly offensive, plaintiff's allegation that Lewis *threatened* to terminate her housing voucher is insufficient to demonstrate an actionable "case" or "controversy" for purposes of establishing jurisdiction under Article III. *See Hollingsworth v. Perry*, — U.S. —, 133 S. Ct. 2652, 2659 (2013). In other words, her complaint does not establish the requisite "ripeness." *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57, n.18 (1993) (explaining that "ripeness" reflects constitutional

---

[2] Although plaintiff references discrimination based on religion and a learning disability, she also provides no facts in support of these allegations. Likewise, she provides no facts showing that anyone other than Lewis was personally involved in the incident that forms the basis of her complaint.

considerations that implicate "Article III limitations on judicial power," as well as "prudential reasons for refusing to exercise jurisdiction"); *see also Worthington v. Golden Oaks Apartments*, No. 3:11-cv-223, 2011 WL 4729879, **2-3 (N.D. Ind. 2011) (dismissing a case involving Section 8 housing benefits that had not been terminated).

Even assuming that plaintiff's Section 8 housing voucher *was* terminated, plaintiff cannot show that doing so violated the Sixth or Eighth Amendment to the United States Constitution, which apply in the context of criminal prosecution and punishment. Likewise, plaintiff does not allege facts showing that she was denied benefits from this program without due process. To state such a claim, a plaintiff must demonstrate that a public housing authority terminated a voucher recipient's rent assistance without the following: (1) notice of the reason(s) for the decision, *see* 24 C.F.R. § 982.554(a); (2) an opportunity for informal review, § 982.554(b); (3) prompt written notice that the recipient may request an informal hearing, §§ 982.555(a) and (c)(2); and (4) the opportunity to review relevant documents before the hearing and be present evidence at the hearing, §§ 982.555(e)(2) and (5). *See Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970) (noting that due process principles require that a recipient of government benefits have "timely and adequate notice detailing the reasons for a proposed termination" and a meaningful opportunity to be heard); *see also Clark v. Alexander*, 85 F.3d 146, 150 (4th Cir. 1996) ("Federal regulations set out the basic procedural requirements of informal hearings in almost literal compliance with *Goldberg*.").

Finally, plaintiff offers no other facts showing that she was intentionally discriminated against or treated differently from other, similarly-situated individuals

based on her race, religion or disabled status. *See, e.g., D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685 (7th Cir. 2013) (outlining an equal protection claim based on a class of one). Likewise, although plaintiff contends that Lewis retaliated against her because of a prior lawsuit in both state and federal court, she provides no information about those cases and no other facts showing that her housing voucher was terminated on account of any particular complaint against Lewis.[3] In fact, plaintiff has made contrary representations to court personnel and in another pending case, *see Briggs-Muhammad v. U.S. Dep't of Health and Human Servs. et al.*, Case No. 12-cv-369-wmc (W.D. Wis.) (regarding eligibility for social security benefits), stating that her eligibility for a Section 8 housing voucher and other benefits has been jeopardized as the result of a cash settlement that she obtained recently in a previous lawsuit. *See Briggs-Muhammad v. Walmart*, 09-cv-193-wmc (W.D. Wis.). Accordingly, plaintiff has not alleged sufficient facts from which an inference may be drawn that Lewis violated her rights under federal law.

    For all of these reasons, the court will deny plaintiff's request for leave to proceed and will dismiss her complaint without prejudice. Plaintiff may file an amended complaint in this case to cure the deficiencies outlined above. To proceed, plaintiff must file an amended complaint within *thirty* (30) days of the date of this order. At a

---

[3] Public records disclose a lawsuit in state small claims court that named "Beverly Louis" as one of several defendants, including primarily the Federal National Mortgage Association. *See Briggs-Muhammad v. Curtis Klish et al.*, Dane County Case No. 2011SC10246. That case was dismissed on defendants' motions in May 2012. *See* Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited October 31, 2013). By contrast, there is no record showing that plaintiff ever filed suit previously against Lewis or Beverly Louis in federal court.

minimum, that proposed amended complaint must demonstrate a case or controversy that is ripe for judicial review and must also set forth a "short and plain statement" of her claims. *See* Fed. R. Civ. P. 8(a). If plaintiff submits an amended complaint in compliance with the order below, the court will take that complaint under consideration for additional screening pursuant to 28 U.S.C. § 1915(e)(2). If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Miriam Briggs-Muhammad's request for leave to proceed is DENIED and her complaint is DISMISSED without prejudice for failure to state a claim.

2. **To proceed, plaintiff must file an amended complaint within thirty days of the date of this order. That proposed amended complaint must comply with the Opinion set forth above, demonstrating a case or controversy that is ripe for judicial review and must also set forth a "short and plain statement" of her claims.**

3. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for additional screening pursuant to 28 U.S.C. § 1915(e)(2). **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 20th day of December, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge